UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMERICAN WELL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 15-12265-LTS |
| | ) | |
| NOEL OBOURN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER ON DEFENDANT'S SECOND MOTION TO DISMISS (Doc. No. 35)

November 23, 2015

SOROKIN, J.

Defendant Noel Obourn ("Obourn") accepted Plaintiff American Well Corporation's

("American Well") offer to hire her as an at-will Senior Vice President Employer Sales, subject

to her signing a Confidentiality and Non-Competition agreement ("The Agreement") on her

"first day of work."  Doc. No. 28-1.  Obourn commenced employment on or about May 11,

2011, and, seven months later, signed The Agreement.  Doc. No. 28-2.   The Agreement

stipulated that American Well would provide Obourn access to confidential information, Doc.

No. 28-2 at 1(b).[1]   Later, Obourn left American Well to work for an alleged competitor,

---

[1] Although not expressly stated in The Agreement, in light of the terms of the offer letter and
Obourn's at-will status, it contains implied promises from American Well that it will provide her
with access to confidential information and continue to employ her. See, e.g., Doc. No. 28-2 at
1(b) ("Further, in the course of your employment, you will be introduced to customers and others
with important relationships to the Company.").

prompting American Well to sue, claiming several violations of the non-competition agreement. Doc. No. 28 at 30-31.[2]

Obourn moves to dismiss, contending that the non-competition agreement fails for lack of consideration.  The parties agree—and the Agreement so provides—that Massachusetts law governs.  Doc. No. 28-2 at 8(h).  As a federal court sitting in diversity applying Massachusetts law, this Court must apply the binding precedent handed down from the Supreme Judicial Court of Massachusetts ("SJC").  Quality Cleaning Prods. R.C. v. SCA Tissue N. Am., LLC, 794 F.3d 200, 204 (1st Cir. 2015).  And the SJC has squarely addressed this question.  Decades ago, it held that a non-competition agreement signed during employment "was not void for lack of consideration" because it "contained a promise by the plaintiff thereafter to employ the defendant and by the defendant to work for the plaintiff."  Sherman v. Pfefferkorn, 135 N.E. 568, 569 (Mass. 1922); see also Slade Gorton & Co. v. O'Neil, 242 N.E.2d 551, 554 (Mass. 1968) (assuming without deciding that continued employment constituted valid consideration for a restrictive covenant); Econ. Grocery Stores Corp. v. McMenamy, 195 N.E. 747, 748 (Mass. 1935) (finding that the non-competition contract signed during the employment "was not void for lack of consideration" because "there was no definite term of employment" and "it implied according to its reasonable construction a promise on the part of the plaintiff to employ the defendant").

Notwithstanding this binding precedent, Obourn suggests that, more recently, courts have taken a different view.  She relies upon Ikon Office Sols., Inc. v. Belanger, 59 F. Supp. 2d 125

---

[2] As it must in a Motion to Dismiss posture, the Court draws this factual recitation from the allegations of the Amended Complaint.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).  In ruling on this motion the Court applies the familiar standard governing Rule 12(b)(6) motions.  See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

(D. Mass. 1999), for this trend.  However, <u>Ikon</u> addressed a different question—whether, on its specific facts, the employer satisfied its burden to obtain a preliminary injunction.  <u>See id.</u> at 131-32.  In any event, subsequent decisions have declined to rely upon <u>Ikon</u> for the proposition that continued employment provides insufficient consideration.  <u>See</u> <u>Boston Sci. Corp. v. Mabey</u>, 455 F. App'x. 803, 805-06 (10th Cir. 2011); <u>Optos, Inc. v. Topcon Med. Sys.</u>, 777 F. Supp. 2d 217, 231-32 (D. Mass. 2011).

Moreover, in this case, American Well relies upon more than continued employment. Under the Agreement, it provided (or continued to provide) Obourn with confidential information.  Both another session of this Court and the Business Litigation Session of the Superior Court have found that "access to confidential and proprietary information belonging to the company" provides sufficient consideration to support a contract.  <u>Optos,</u> 777 F. Supp. 2d at 232; <u>accord</u> <u>EMC Corp. v. Donatelli</u>, No. 09-1727-BLS2, 2009 Mass. Super. LEXIS 120, at *18-19 (Mass. Super. May 4, 2009).

Accordingly, the Motion to Dismiss (Doc. No. 35) is DENIED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge