UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
AMERICAN WELL CORPORATION,                  )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )  Civ. Action No. 15-cv-12265-LTS
                                            )
                                            )
NOEL OBOURN,                                )
                                            )
            Defendant.                      )
_____)

ORDER ON PENDING MOTIONS

February 18, 2016

SOROKIN, J.

I.   INTRODUCTION

This action consolidates a case pending in this Court with a case formerly pending in the District of Connecticut. The Connecticut case, in which Noel Obourn ("Obourn") sued American Well Corporation ("American Well"), was transferred to this Court and docketed as Civ. Action No. 15-cv-13716. Already pending before this Court was American Well v. Obourn, Civ. Action No. 15-cv-12265.

This order resolves several motions pending in each of the two actions: (1) American Well's emergency motion for sanctions, Doc. No. 47 in Civ. Action No. 15-cv-12265; (2) American Well's emergency motion to vacate this Court's order extending the time by which Obourn had to answer the amended complaint, Doc. No. 49 in Civ. Action No. 15-cv-12265; (3) Obourn's motion for partial summary judgment, Doc. No. 73 in Civ.

1

Action No. 15-cv-13716; and (4) Obourn's motion to dismiss American Well's counterclaim, Doc. No. 105 in Civ. Action No. 15-cv-13716.

This dispute stems from Obourn's former employment with American Well. Obourn's employment agreement provided that she would receive, subject to certain conditions, an annual bonus of $75,000.  Civ. Action. No. 15-cv-13716, D. 96 ¶ 10.  Obourn alleges that American Well refused to pay Obourn's 2013 annual bonus. Id. ¶¶ 21-22.  Her claims include breach of contract, failure to pay wages, promissory estoppel, misrepresentation, unjust enrichment, and breach of the implied covenant of good faith and fair dealing. Id. at 4-7.

American Well asserts two counterclaims against Obourn stemming from Obourn's receipt of payments amounting to $175,000 from American Well. Civ. Action No. 15-cv-13716, Doc. No. 103 at 7 ¶¶ 2-14.  American Well alleges that Obourn's employment agreement provided her with a draw against future commissions of $100,000, id. at 7 ¶ 1, which she received, in addition to a subsequent payment of $75,000.  American Well contends that Obourn has not repaid the $175,000, id. at 8 ¶¶ 17-18, and counterclaims for breach of contract and unjust enrichment, id. at 9 ¶¶ 21-28.

In American Well's action against Obourn, it alleges that Obourn was subject to certain restrictive covenants, including a non-competition agreement. Civ. Action No. 15-cv-12265, Doc No. 8 ¶ 13.  Following Obourn's resignation from American Well in January 2015, id. ¶ 28, she began working for an alleged competitor, id. ¶¶ 30-32. American Well asserts claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Id. at 26-27.

II.   THE PENDING MOTIONS

    A.   American Well's motions to vacate and for sanctions

On December 18, 2015, without conferring with opposing counsel, Obourn sought an additional fifteen days in which to file an answer to American Well's amended complaint. The Court allowed the motion before American Well filed its opposition. In light of Obourn's counsel's repeated disregard of the local rules and this Court's orders, on December 21, 2015, American Well filed an emergency motion for sanctions against Obourn, including revocation of Obourn's counsel's *pro hac vice* admission and an order of default, or at least an order deeming American Well's allegations as true. On December 22, 2015, American Well filed an emergency motion to vacate the Court's order allowing the motion for extra time.

The Court takes seriously L.R. 7.1 requiring counsels' conferral on all motions and expects counsel to confer in more than a *pro forma* fashion and to include a certificate of compliance with each motion. Henceforth, any motion unaccompanied by such a certificate will be summarily denied without prejudice. In addition, the Court investigated American Well's complaint that Attorney Hayber has failed to register for ECF. Attorney Hayber is now registered to receive ECF notifications, and the Court instructs him to ensure that he remains registered for the duration of this action.[1]

At this time, the Court DENIES American Well's motion for sanctions. The alleged misconduct is wholly different from the conduct underlying the case law American Well

---

[1] The source of the problem with Attorney Hayber's ECF notifications and access is not entirely clear, but it may have arisen from technical issues in ECF that he did not flag for the Court.

cites. In addition, because the requested extension of time has elapsed and Obourn has filed her answer, the Court DENIES as moot American Well's motion to vacate.

      B.      <u>Obourn's motion for partial summary judgment</u>

Obourn has moved for partial summary judgment as to her claims for breach of contract and violation of the Massachusetts Wage Act. She argues that she satisfied the requirements set forth in her employment agreement for earning a bonus of $75,000 for 2013. Civ. Action No. 15-cv-13716, Doc. No. 73-1 at 5. The agreement provides, in relevant part, that Obourn would "be eligible to receive an annual bonus . . . in the amount of $75,000. . . . In order to earn such [bonus] you must: (i) be employed by [American Well] on the date on which the [bonus] is paid [within 60 days following the end of the calendar year to which it relates]; and (ii) have met specific performance criteria, which will be approved by [American Well's] CEO and communicated to you in writing within the first 60 days of the calendar year to which the [bonus] will relate." Civ. Action No. 15-cv-13716, Doc. No. 101 ¶ 3(b). Obourn contends that she worked during 2013 and was employed by American Well for the first 60 days of 2014. Doc. No. 73-1 at 5. She argues she was relieved of the requirement to satisfy specific performance criteria because American Well never issued any. <u>Id.</u>

In response, American Well contends that the parties modified the agreement to eliminate the requirement that it issue specific performance criteria, or Obourn waived the requirement. Civ. Action No. 15-cv-13716, Doc. No. 78 at 2, 8-10. In addition, American Well argues that a commission plan developed in 2013 constituted specific performance criteria. <u>Id.</u> at 12-13. American Well seeks to complete discovery to enable it to present facts supporting its theories. <u>Id.</u> at 2, 10.

The Court DENIES Obourn's motion for partial summary judgment without prejudice to renewal after the conclusion of discovery. Obourn's motion raises potential factual issues. Obourn's deposition has not occurred, and the deadline for propounding discovery between the parties has not elapsed, nor have the deadlines related to third party discovery. Civ. Action No. 15-cv-12265, Doc. No. 57. Obourn may refile her motion or file a revised motion by the date set by the Court, June 1, 2016. Civ. Action No. 15-cv-12265, Doc. No. 57.

C.     Obourn's motion to dismiss American Well's counterclaims

Obourn moves to dismiss American Well's counterclaims in Civ. Action No. 15-cv-13716 pursuant to Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, American Well's counterclaims must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plausible claim is one that alleges sufficient facts that, accepted as true, allow the Court "to draw the reasonable inference that [Obourn] is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Obourn argues that American Well's claim for breach of contract must be dismissed because she has no obligation to repay funds advanced against her commissions from her non-commission earnings or general funds. Civ. Action No. 15-cv-13716, Doc No. 106 at 5. Obourn largely relies on Perma-Home Corp v. Nigro, 346 Mass. 349 (1963), which held that "in the absence of an express or implied agreement to repay any excess of advances over the commissions earned, the employer may not recover from the employee the amount of the excess." Id. at 353. American Well has not alleged an express or implied agreement, so, according to Obourn, Perma-Home prevents recovery as a matter of law. Doc No. 106

5

at 5-6. Obourn contends that American Well's claim for unjust enrichment must also be dismissed because it is barred from recovering on a quasi-contract theory when an express contract recognized by the parties governs the rights and obligations between them. Id. at 6; see Zarum v. Brass Mill Materials Corp., 334 Mass. 81, 85 (1956).

The employment agreement provides that Obourn was "entitled to a one-time draw against commissions" of $100,000, paid in four quarterly installments. Civ. Action No. 15-cv-13716, Doc. No. 101 ¶ 3(d). A portion of Obourn's net commissions were to be "withheld and applied against the outstanding draw balance until the full amount" was repaid. Id.

In its opposition, American Well asserts that its breach of contract claim is premised on a breach of the implied covenant of good faith and fair dealing even though the counterclaims do not assert that theory. Civ. Action No. 15-cv-13716, Doc. No. 107 at 1-4. "'Every contract implies good faith and fair dealing between the parties to it.' The covenant of good faith and fair dealing requires that 'neither party shall do anything that will have the effect of destroying or injuring the right of the other party to its fruits of the contract.'" T.W. Nickerson, Inc. v. Fleet Nat'l Bank, 456 Mass. 562, 569-70 (2010) (quoting Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 471-72 (1991)).

Although the covenant of good faith and fair dealing is implied in every contract, a breach of the covenant and a breach of contract are not the same. Bruno Int'l Ltd. v. Vicor Corp., Civ. Action No. 14-10037-DPW, 2015 WL 5447652, at * 4 (D. Mass. Sep. 16, 2015). A claim for breach of the covenant of good faith and fair dealing requires allegations regarding the defendant's bad faith conduct. Sonoran Scanners, Inc. v. Perkinelmer, Inc., 585 F.3d 535, 541 (1st Cir. 2009) (stating that "[e]stablishing a violation

of the covenant of good faith and fair dealing requires at least bad faith conduct"); <u>Brand Group Int'l, LLC v. Established Brands Int'l, Inc.</u>, No. 10-11783-JLT, 2011 WL 3236078, at * 3 (D. Mass. July 26, 2011).  Bad faith could mean "acting in a manner that does not comport with the parties' reasonable expectations as to performance . . ., acting with dishonest purpose or conscious wrongdoing . . ., or exercising discretionary power under the contract to recapture opportunities foregone on contracting as determined by the other party's reasonable expectations."  <u>Bruno Int'l</u>, 2015 WL 5447652, at * 5 (internal alterations, quotation marks and citations omitted).

Here, American Well pled only a breach of contract claim.  It did not allege, as part of that claim or elsewhere in the complaint, a breach of the covenant of good faith and fair dealing, nor does it allege facts giving rise to an inference of bad faith.  Although American Well argues that a breach of the covenant of good faith and fair dealing is not a separate claim, Doc. No. 107 at 3 n.3, it still must explain the obligation it alleged was breached by Obourn and the facts plausibly alleging the breach.  See <u>Vieira v. First Am. Title Ins. Co.</u>, 668 F. Supp. 2d 282, 289 (D. Mass. 2009) (stating that "[t]he pleading . . . must explain what obligations the alleged contract imposed on each of the parties to avoid dismissal under Rule 12(b)(6)").  American Well argues that it "pled [that] by refusing to sign the commission plan . . . [Obourn] rendered herself ineligible to earn commissions from which American Well could recover the draw" and that it "allege[d] that Obourn interfered with her ability to earn commissions in the first place," Doc. No. 107 at 2-3.  Other than the allegations that Obourn refused to sign the 2013 and 2014 sales incentive and commission plans, however, American Well does not allege how that failure constituted a breach of the implied covenant of good faith and fair dealing.  Doc. No. 103 at 8-9 ¶¶ 19-20.  Moreover,

American Well does not allege that Obourn acted in bad faith or how. The counterclaim for breach of contract must be dismissed.

American Well's unjust enrichment claim must also be dismissed. The parties agree that Obourn's employment agreement governs the parties' dispute regarding the commission draw. In the face of this agreement, American Well may not pursue quasi-contract claims. "Massachusetts law does not allow litigants to override an express contract by arguing unjust enrichment." Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 130 (1st Cir. 2006). "The law will not imply a contract where there is an existing contract covering the same subject matter." Zarum, 334 Mass. at 85; see Reed v. Zipcar, Inc., 883 F. Supp. 2d 329, 334 (D. Mass. 2012).

The Court concludes that American Well's counterclaims each fail to a state a claim under Fed. R. Civ. P. 12(b)(6) and must be dismissed.

III.   ORDER REGARDING CONSOLIDATION

From today forward, all filings related to either pending action shall be made only in Civ. Action No. 15-cv-12265. The Court deems the existing claims and answer filed in Civ. Action No. 15-cv-13716 as if filed in Civ. Action No. 15-cv-12265 as counterclaims and responses. The purpose of this order is to simplify and streamline the proceedings without impairing any procedural or substantive rights of any party.

IV.   CONCLUSION

For the foregoing reasons, the Court DENIES as moot American Well's motion to vacate this court's order extending the time by which Obourn had to file an answer to the amended complaint, Civ. Action No. 15-cv-12265, Doc. No. 49. The Court DENIES American Well's motion for sanctions, Civ. Action No. 15-cv-12265, Doc. No. 47. The

Court DENIES WITHOUT PREJUDICE Obourn's motion for partial summary judgment, Civ. Action No. 15-cv-13716, Doc. No. 73.  Finally, the Court ALLOWS Obourn's motion to dismiss American Well's counterclaim, Civ. Action No. 15-cv-13716, Doc. No. 105. American Well is permitted to re-plead within seven days of this order.

    **So Ordered.**

                                            /s/ Leo T. Sorokin
                                            United States District Judge